IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMANIQUE DASHAWN HOLIDAY, #02461478, Petitioner, | § § § § § § | |
| v. | § § | No. 3:26-CV-344-N-BW |
| DIRECTOR, TDCJ-CID, Respondent. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, received on March 13, 2026.  (Dkt. No. 8.)  Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice for failure to exhaust state remedies.

**I.  BACKGROUND**

Domanique Dashawn Holiday, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), brings this habeas action under 28 U.S.C. § 2254 challenging two July 2023 convictions and 10-year sentences in Dallas County, Texas.  (*See id.* at 2.)[2]  The petition names the Director of the TDCJ-CID as the respondent.  (*See id.* at 1.)

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred to the undersigned for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

In July 2023, Holiday pled guilty under a plea agreement to trafficking of a child and causing the child to engage in sexual conduct in Cause No. F-20-53622 and to sexual assault of a child in Cause No. F-20-53624 in the Criminal District Court No. 7 of Dallas County, Texas; that court sentenced him to ten years of imprisonment in each case, to be served concurrently. *See State v. Holiday*, Nos. F-20-53622, F-20-53624 (Crim. Dist. Ct. No. 7, Dallas Cnty., Tex. July 18, 2023). Holiday did not appeal the convictions—and therefore did not have any state intermediate appellate court decision on which to file a petition for discretionary review ("PDR")—and he did not file a state application for a writ of habeas corpus on either conviction. (*See* Dkt. No. 8 at 3.)

Holiday now alleges the following grounds for relief in his § 2254 habeas petition:

(1)  Newly discovered evidence;

(2)  Petitioner['s] constitutional rights were violated;

(3)  In[eff]ective assistance of counsel; and

(4)  Petitioner rec[ei]ved hig[h] levels of psych drug for four year period of time;

(*Id.* at 6-7 (capitalization altered).)  Holiday asks the Court to "reverse and remand this case back to the district court to continue cause at pretrial status." (*Id.* at 7 (capitalization altered).)

## II.  EXHAUSTION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a petitioner must fully exhaust state remedies before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b).  Exhaustion for purposes of § 2254 requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals ("TCCA"). *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

A federal district court may raise the lack of exhaustion sua sponte. *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997).  It may dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief.  *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by a petitioner before those claims are heard in federal court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).  Exhaustion may be excused "only in those 'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference." *Deters*, 985 F.2d at 795 & n.16; *see also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Here, in response to the questions on his § 2254 petition regarding whether he filed a PDR or any state habeas application, Holiday indicates that he did not appeal his state court judgments and did not file a state habeas application.  (*See* Dkt. No. 8 at 3.)  Additionally, a review of available public records shows that Holiday has not

sought discretionary review by the TCCA through a PDR and the TCCA has not received—much less considered—any state habeas application as to either of Holiday's convictions. *See* Case Search, http://search.txcourts.gov (last visited May 5, 2026). Because Holiday has not presented the habeas claims raised in his federal petition to the TCCA in a procedurally correct manner, the highest court of the state has not had a fair opportunity to review them. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

Further, Holiday has not alleged or shown any "exceptional circumstances of peculiar urgency" to excuse the exhaustion requirement. *Deters*, 985 F.2d at 795 & n.16 (internal quotation marks omitted). He therefore is not entitled to federal habeas relief based on his failure to exhaust state remedies.

### III.  RECOMMENDATION

The Court should **DISMISS** the Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, received on March 13, 2026 (Dkt. No. 8), without prejudice for failure to exhaust state remedies.

**SO RECOMMENDED** on May 6, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).